No. 3946

Second Circuit

———

MATTHEWS v. KELLOGG LUMBER CO., INC.

———

(January 27, 1931. Opinion and Decree.)
(February 26, 1931. Rehearing Refused.)

———

J. B. Nachman, of Alexandria, attorney for plaintiff, appellant.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellee.

WEBB, J. This action to recover compensation, under the Employers' Liability Statute (Act No. 20 of 1914, as amended), for disability alleged to have resulted from an accidental injury sustained by plaintiff, Joseph Matthews, on August 14, 1929, while engaged in the service of defendant, Kellogg Lumber Company, Incorporated, was filed on May 30, 1930, and on trial, June 19, 1930, judgment was rendered rejecting plaintiff's demands, from which he appeals.

It is conceded that defendant was engaged in a hazardous business, within the meaning of the statute, and that plaintiff was engaged in defendant's service on the date of the alleged accident; that following the alleged accident, plaintiff worked until August 28th, and thereafter from September 2nd to September 5th, and that on September 9th, plaintiff was referred to Drs. Simmons, Rand & Barber, who found that he had a disease of the kidneys, for which they treated him about two weeks, when plaintiff was removed to a hospital where it was found that he had an abscess of the hip joint, for which an operation was performed by Drs. Simmons and Rand, on September 24, 1929, from which plaintiff had not fully recovered on February 28, 1930.

The theory on which plaintiff bases his right to recover is that on the date alleged, he sustained an accidental injury of the right hip joint, which caused the development of the disease found to exist on September 24, 1929; that although the

operation relieved plaintiff of the disease, the disease had progressed to such a stage that he was permanently disabled to do work of any reasonable character; while defendant contends that the evidence failed to establish that plaintiff sustained any accident, or if so, any injury of the hip joint, which had resulted in the disease, and defendant further contends that the evidence failed to establish that plaintiff was permanently disabled or the extent of his disability.

In support of his case, plaintiff testified that on the date alleged he, together with two other workmen, one of whom was J. T. Lane, were loading lumber under the supervision of L. L. Hardige, foreman; that he attempted to handle a plank of the dimensions 36 inches wide, 1¼ inches thick and 14 to 18 feet long, and weighing about 150 pounds; that the plank slipped and struck him on the leg and hip, causing him to experience pain in his hip, which gradually increased until he was forced to quit his work and undergo treatment, as hereinabove stated; plaintiff further testified that he continued to carry lumber of the dimensions stated until he quit work, and that he had informed the foreman of the accident about eight days thereafter, and W. Kellogg, the manager of the mill, and C. W. Coleman, an employee of defendant, who had on the instructions of the manager, referred plaintiff to Drs. Simmons, Rand and Barber, on the 9th of September, and that he had at that time informed the physicians of the accident.

Plaintiff called J. T. Lane, who stated that he had noticed that plaintiff limped for some time prior to the date he quit work, and also three physicians, who had examined plaintiff about the time of the trial, who expressed the opinion that the disease was caused by an injury of the hip bone and who also stated that at the time of the trial plaintiff was unable to perform manual labor which would require him to stand for long periods of time, and that plaintiff would be disabled to the extent of approximately seventy-five per cent.

The evidence on behalf of defendant established that none of the workmen who are engaged in the same work with plaintiff and who were within a very short distance of plaintiff at the time plaintiff claimed the accident occurred, had noticed any accident; that plaintiff had not handled any lumber of the dimensions stated on August 14th or since, and all of the parties whom plaintiff stated that he had notified of the accident denied that he did so. But on the other hand, Kellogg, Coleman and Drs. Simmons and Barber stated that plaintiff complained only of a pain in his back, and the physicians stated that they had especially interrogated plaintiff relative to whether or not he had sustained any injury, and that he had informed them he had not. The physicians also stated that they had examined plaintiff when he was treated by them and did not find any indication of an external injury, but that they found his kidneys diseased, for which they treated him for two weeks, when plaintiff began to complain of pain in his hip, when he was removed to a hospital where it was found that plaintiff had an abscess of the hip joint, which they were of the opinion was not due to injury.

The record does not show the manner in which the accident was claimed to have occurred; although it appears that plain-

tiff when on the witness stand, illustrated the manner in which he claimed the accident occurred, and indicated the places on his body where the plank struck him, which two of the physicians, one called by plaintiff, and the other by defendant, stated could not have been correct.

Passing any question relative to whether or not the accident could have occurred in the manner illustrated by plaintiff, the record as presented here shows that the only evidence which tends to show that an accidental injury of the hip bone was sustained by plaintiff is the statement of plaintiff that at the time of the accident he experienced a pain in his hip, which had increased in intensity until some fourteen days thereafter, when he was disabled to work, and which finds some support in the testimony of Lane. But considering the evidence which shows that defendant had not handled any lumber of the approximate dimension or weight of that claimed to have been carried by plaintiff, and the evidence showing that he worked fourteen days after the alleged accident; that he had not advised any one of the five persons whom he testified he had notified of the accident; that he denied having sustained any injury and did not complain of any pain in his hip until he had been under treatment of physicians for two weeks, who treated him for a pain in his back, which may have resulted from a disease of the kidneys, with which the physicians found he was suffering on September 9th and for which they treated him, affects plaintiff's credibility, as well as to disprove the plaintiff's statement that he sustained any accidental injury of his hip joint.

Appellant urges, however, that the phy-sicians who treated plaintiff had made written reports in conflict with their testimony. The reports referred to were made after the operation, to the insurance company with whom plaintiff carried health insurance, and clearly refer to plaintiff's condition existing at the time the reports were made, and we do not find any conflict in the testimony of the physicians with the reports; but aside from the fact, which is conceded, that the physicians treated plaintiff for a disease of the kidneys for two weeks, the evidence shows that after the physicians had examined plaintiff and before they began treating him, they informed Kellogg that plaintiff was not suffering from any injury, which supports their statements relative to the statement made to them by plaintiff, which is also supported by the history of the case as shown by the hospital records at the time plaintiff underwent the operation.

While it may be that plaintiff did sustain an accidental injury of his hip joint on the date alleged, although he denied having sustained an injury as above stated, and did not complain of any pain in his hip until more than thirty days after the accident, it is conceded that he carried the burden of proof to establish that he received such an injury and to show that the injury received caused the disability for which he claims compensation.

From our review of the record, we are of the opinion plaintiff failed to establish either that he had sustained an accidental injury or that the disease with which he suffered resulted from an injury, and it is unnecessary to determine the extent of plaintiff's disability.

The judgment appealed from is affirmed at appellant's cost.